IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS R. WOODALL, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:16-CV-243-Y |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Thomas R. Woodall, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural Background

On December 7, 2000, in the 371st Judicial District Court, Tarrant County, Texas, Case No. 0728015D, a jury found Petitioner guilty of aggravated assault with a deadly weapon, and, on February 12, 2001, the trial court assessed his punishment at twenty years' confinement. (Pet. 2, ECF No. 1; Adm. R., SH05_WR-

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis was automatically substituted as the party of record.

58,137-03, 33, ECF No. 15-6.) Petitioner was subsequently released on parole on November 16, 2009. (Adm. R., SH05_WR-58,137-03, 21, ECF No. 15-6.)

Petitioner asserted in his state habeas-corpus application that, on February 24, 2013, he was arrested and jailed in Kankakee County, Illinois, on a charge of unlawful possession of a controlled substance, where he remained incarcerated until his trial. Petitioner claimed that he was unable to make bond on the Illinois case because the Texas Board of Pardons and Paroles (BOP) had issued a "blue warrant/detainer-hold" against him on or about February 24, 2013. (*Id.*) Petitioner asserted that he was convicted of the new charge and sentenced to four years' confinement, and, on September 15, 2013, he was transferred to the Illinois Department of Corrections for service of his sentence. (Adm. R., SH05_WR-58,137-03, 7, ECF No. 15-6.) While incarcerated there, his Texas parole was revoked. (*Id.* at 21.) After completing his Kankakee County sentence, Petitioner contends that he was returned to TDCJ on February 25, 2015, pursuant to the Texas "blue warrant/detainer." (*Id.* at 7-8.) Petitioner sought time credit from February 24, 2013, to the present toward his Tarrant County sentence.

Charley Valdez, a Program Supervisor III for the Classification and Records Department of TDCJ, submitted an affidavit providing the following information:

> A pre-revocation warrant of arrest was issued on 4-4-2013 by the Parole Division, and executed on 9-15-2013 in the Illinois Department of Corrections, Hillsboro, IL. Applicant's parole was revoked on 3-11-2014, while he was in the Illinois Department of Corrections. Applicant was returned to TDCJ custody on 2-25-2015. Because Applicant was serving an offense listed under Section 508.149(a), Texas Government Code (aggravated assault w/dw) at the time of revocation, he was not eligible for "street-time" credit and was charged with out of custody for time spent on supervision, 3-years, 9-months, and 29-days. Tex. Gov's Code § 508.283(c).

(*Id.* (citation to ex. omitted).)

Based on Valdez's affidavit, the state habeas court entered the following factual findings:

> 5. The Pre-Revocation Warrant was issued on April 4, 2013.
>
> 6. The Pre-Revocation Warrant was executed on September 15, 2013.
>
> 7. Applicant has received flat time credit from September 15, 2013, to his return to TDCJ custody on February 25, 2015.
>
> 8. Applicant presents no evidence to support his claim that he was held on a blue warrant in this case from February 24, 2013, to September 15, 2013.
>
> 9. Mr. Valdez's affidavit is credible and supported by the record.

(*Id.* at 27) (record citations omitted).)

Based on those findings and relevant state law, the state court entered the following legal conclusions and recommended that relief be denied:

> 3. "[A]ny time spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied a parolee.

3

4. Applicant has properly received credit for confinement pursuant to the execution of a pre-revocation warrant.

5. Applicant has failed to prove that he has been improperly denied flat time credit.

(*Id.* at 28 (citations omitted).) In turn, the Texas Court of Criminal Appeals denied habeas relief without a hearing based on the trial court's findings. (*Id.*, "Action Taken," ECF No. 15-5.)

## II. Issues

Petitioner raises one ground for relief in this federal petition, asserting that he is not getting the full amount of time credit. (Pet. 6, ECF No. 1.) Specifically, he alleges that (any punctuation or grammatical errors are in the original)

> his time credits are only computed from his pre-revocation warrant executed on the 9-15-2013, not from when he Petitioner was lodged from a detainer "incarcerated," in Kankakee County, Kankakee, Illinois, from February 24-2013, to his pre-revocation warrant execution 9-15-2013.

(*Id.*) In his reply brief, he "acknowledges and concedes" that he is only due time credit from April 4, 2013, the date the pre-revocation warrant issued, to the present. (Pet'r's' Reply 3, ECF No. 19.)

## III. Statute of Limitations

Initially, Respondent asserts the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). (Resp't's Answer 4-8, ECF No. 16.) 28 U.S.C. § 2244(d). Title 28,

4

United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. The statutory provision provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claim involves alleged lost time credits related to his parole revocation, the applicable provision in determining when the limitations period commenced is subsection (D), the date on which the factual predicate of his claim was

5

discoverable through the exercise of due diligence. *Kimbrell v. Cockrell,* 311 F.3d 361, 363-64 (5th Cir. 2002). Respondent contends that the "factual predicate" occurred when TDCJ executed the pre-revocation warrant against Petitioner on September 15, 2013, because Petitioner could have discovered with due diligence at that time that he was being denied credit for time served with the Illinois Department of Corrections. (Resp't's Answer 5-6, ECF No. 16.) On the other hand, Petitioner contends that the "factual predicate" occurred on February 26, 2015, the day after he was released to TDCJ and received his time sheet. (Pet'r's Reply 1, ECF No. 10.) Petitioner urges that because of his out-of-state incarceration there was no other way for him to know he was not getting the correct time credit. (*Id.*)

Petitioner, however, is confusing his knowledge of the factual predicate of the claim with the time permitted for gathering evidence in support his claim. *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998). The federal limitations period began when the factual predicate of his claim could have been discovered using due diligence, *not* when it was actually discovered. *Manning v. Epps,* 688 F.3d 177, 189 (5th Cir. 2012). To invoke this exception, due diligence requires Petitioner to show some good reason why he was unable to discover the factual predicate at an earlier date. Merely alleging that he did not know the facts underlying his claim is insufficient. Therefore, his contention that the statute of

limitations did not begin to run until February 26, 2015, when, having been transferred to TDCJ, he received a copy of his time sheet is meritless. Because the time credit he seeks relates to the parole-revocation action, with reasonable diligence, Petitioner could have discovered the basis for his claim when his parole was revoked on March 11, 2014, or shortly thereafter. Thus, a federal petition raising his claim was due on or before March 11, 2015, without any tolling.

Petitioner's time-dispute-resolution form, which was received by TDCJ on April 9, 2015, and his state habeas application deemed filed on August 10, 2015, after limitations had already expired, do not operate to toll the limitations period. *See Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Petitioner's claim is therefore time-barred unless he can demonstrate that equitable tolling is warranted.

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Applied to this case, Petitioner must demonstrate that he was prevented from filing a timely petition in some extraordinary way. The fact that he was

incarcerated in another state does not, on its own, constitute an extraordinary circumstance, and Petitioner fails to show that his out-of-state incarceration prevented him from filing a timely petition. *See Determann v. Lampert,* 150 Fed. App'x 623, 2005 WL 2293506, at *2 (9th Cir. 2005), *cert. denied,* 546 U.S. 1189 (2006); *Tanksley v. Falk,* No. 14-cv-03100-GPG, 2015 WL 514842 (D.Colo. Feb. 6, 2015); *Allen v. Morgan,* No. 11-693-SLR, 40 F. Supp. 3d 404, 409 & n.4 (D.Del. May 9, 2014). Additionally, the Court views Petitioner's failure to investigate or inquire about his time calculation with TDCJ following his parole revocation as a failure to exercise reasonable diligence. Typically, when a Texas inmate is released on parole his parole certificate, which an inmate must sign, advises that upon revocation, he will forfeit time spent on parole prior to revocation. Petitioner neither asserts nor presents evidence that upon being notified of his parole revocation he attempted to contact TDCJ regarding his time credit calculation. Petitioner's claim is therefore time barred.

IV. Conclusion

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DISMISSED as time barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED May 5, 2017.

                                                      */s/ Terry R. Means*
                                                    TERRY R. MEANS
                                                    UNITED STATES DISTRICT JUDGE